Supreme Court

In the Matter of Charles S. Kirwan.                    No. 2018-323-M.P.

O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure for Attorneys.  The respondent, Charles S. Kirwan, was admitted to the practice of law in this state on June 21, 1989.  The respondent is also admitted to the practice of law in the Commonwealth of Massachusetts.

On October 4, 2018, the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts issued an Order of Public Reprimand against respondent after concluding that he had violated the Massachusetts Rules of Professional Conduct while representing two clients in a civil action filed in the United States District Court for the District of Massachusetts.[1]  A copy of that Order was forwarded by the Board of Bar Overseers to Disciplinary Counsel on October 9, 2018.

Article III, Rule 14(a), entitled "Reciprocal Discipline," provides, in pertinent part: "Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the court."  On November 26, 2018, Disciplinary Counsel filed a certified copy of the order of discipline with this Court along with his request that we impose reciprocal discipline.

---

[1] The Massachusetts Rules of Professional Conduct are substantially similar, but not identical to, Rhode Island's version of those rules.  As the conduct giving rise to these proceedings occurred in Massachusetts, respondent's conduct was subject to the Massachusetts rules.

On December 18, 2018, we entered an order directing respondent to inform this Court within thirty days of any claim he may have that the imposition of reciprocal discipline would be unwarranted. Our order further informed respondent that his failure to show cause why identical discipline should not be imposed would result in the entry of an order publicly censuring him.[2] The respondent submitted a reply to our order and requested that we decline to impose public discipline in this matter.

The respondent appeared before this Court at its conference on May 16, 2019, without counsel, to present his claim why identical reciprocal discipline should not be imposed. Disciplinary Counsel also appeared in support of his petition that reciprocal discipline is warranted. Having heard the representations of respondent and Disciplinary Counsel, and having reviewed the record of proceedings before the Board of Bar Overseers, we conclude that respondent has failed to show cause, and that the imposition of reciprocal discipline is warranted in this matter.

The facts giving rise to the Massachusetts Order of Public Reprimand are fully set forth in a stipulation entered into between respondent and the Board of Bar Overseers, and related attachments. The relevant facts are as follows.

In January 2014, respondent agreed to represent two brothers pursuing employment discrimination and wage and hour claims against a former employer. The clients executed contingent fee agreements that provided for payment of a one-third contingent fee upon any recovery for damages and reimbursement for costs regardless of whether or not a recovery occurred. The agreement also provided that respondent would charge the clients an hourly fee if

_____

[2] Rhode Island does not have a disciplinary sanction of a "Public Reprimand." The functional equivalent of a public reprimand for attorneys is a public censure as provided by Article III, Rule 3 of the Supreme Court Rules of Disciplinary Procedure for Attorneys.

they rejected a settlement offer; if respondent terminated the representation; or if the clients discharged respondent, even if for cause.

In September 2014, respondent filed a civil action on behalf of the clients in the United States District Court for the District of Massachusetts. The respondent failed to comply with a discovery order to file answers to interrogatories, and the defendants in that case filed a motion to dismiss the clients' claims and for sanctions. The respondent failed to timely oppose the motion to dismiss and failed to appear at the scheduled court hearing on the motion. The court dismissed the clients' case and imposed a sanction in the amount of $3,000. The respondent filed a notice of appeal with the United States Court of Appeals for the First Circuit and entered an appearance on behalf of the clients. However, despite having been granted over ten extensions of time in which to file a brief, he failed to do so. The appeal was dismissed for failure to file a timely brief.

The Office of the Bar Counsel filed a petition for discipline before the Board of Bar Overseers alleging the above-noted facts and asserting that, through his conduct, respondent had violated the following Massachusetts Rules of Professional Conduct: Rules 1.1;[3] 1.2;[4] 1.3;[5] 1.5;[6]

---

[3] Mass. R. Prof. C. 1.1, entitled "Competence," provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."

[4] Mass. R. Prof. C. 1.2, entitled "Scope of Representation and Allocation of Authority Between Client and Lawyer," provides, in pertinent part: "(a) A lawyer shall seek the lawful objectives of his or her client through reasonably available means permitted by law and these Rules."

[5] Mass. R. Prof. C. 1.3, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client. The lawyer should represent a client zealously within the bounds of the law."

[6] Mass. R. Prof. C. 1.5, entitled "Fees," provides, in pertinent part: "(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee * * *."

and 3.4.[7]    Additionally, the petition alleged that respondent had violated Massachusetts Rule 8.4(h),[8] for which there is no counterpart within the Rhode Island Rules of Professional Conduct. On August 14, 2018, respondent entered a stipulation admitting the above-noted facts, admitting that his conduct violated the rules as charged, and acknowledging that he would receive a public reprimand for that misconduct.

The stipulation entered into between respondent and the Office of the Bar Counsel also recognizes several mitigating factors relevant to the severity of the disciplinary sanction agreed upon by the parties.  Prior to the filing of any disciplinary complaint, respondent agreed to compensate the clients, from his personal resources, for any loss they may have incurred due to his negligent representation.  The respondent has paid the clients $89,200.  It was further stipulated by the parties that respondent never received an unreasonable fee from the clients and never sought to enforce any of the provisions of the parties' fee agreement.  The respondent has no prior disciplinary history and fully acknowledged responsibility for the harm caused to his clients. Additionally, there were extenuating personal and medical issues which mitigate, but do not excuse, his conduct.

Despite having entered into a stipulation in Massachusetts admitting the facts, acknowledging his rule violations, and agreeing to the imposition of public discipline, respondent seeks to disavow portions of his stipulation and asks this Court to adopt a less severe sanction.  We conclude, however, that respondent has failed to persuade us that the imposition of reciprocal

---

[7] Mass. R. Prof. C. 3.4, entitled "Fairness to Opposing Party and Counsel," provides, in pertinent part: "A lawyer shall not: * * * (c) knowingly disobey an obligation under the Rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

[8] Mass. R. Prof. C. 8.4, entitled "Misconduct," provides, in pertinent part: "It is professional misconduct for a lawyer to: * * * (h) engage in any other conduct that adversely reflects on his or her fitness to practice law."

- 4 -

discipline is unwarranted. Rule 14(d) of the Rules of Disciplinary Procedure provides, in relevant part:

> "[T]his Court shall impose the identical discipline unless Counsel or the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline is predicated, it clearly appears:
>
> > "(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> >
> > "(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or
> >
> > "(3) that the imposition of the same discipline would result in grave injustice; or
> >
> > "(4) that the misconduct established has been held to warrant substantially different discipline in this State."

We are of the opinion that the stipulation entered into by the respondent, an experienced litigator with over thirty years of experience, is dispositive of any claim he may have that reciprocal discipline is unwarranted. We note that among the provisions contained in that stipulation is the following: "[I]n consideration of this agreement, each party has forgone other allegations or defenses and submission of evidence on the merits and disposition which might have been advanced had the case been litigated." The respondent received the benefit of his bargain in the Massachusetts proceeding, and he is bound by his stipulation. He cannot now disavow that stipulation before this Court.

Accordingly, we accept the recommendation of Disciplinary Counsel that we impose identical reciprocal discipline, and the respondent is hereby publicly censured.

Entered as an Order of this Court this *30th* day of *May 2019.*

By Order,

_____/s/_____
Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Charles S. Kirwan. | |
| **Case Number** | No. 2018-323-M.P. | |
| **Date Order Filed** | May 30, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer From Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>David D. Curtin, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Charles S. Kirwan, Pro Se | |